959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shirley M. MOLZOF, as personal representative of the Estate
of Robert E. Molzof, Plaintiff-Appellant
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2960.
 United States Court of Appeals, Seventh Circuit.
 April 6, 1992.
 
 Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 This case comes to us on remand from the Supreme Court. The district court had denied the plaintiff certain monetary damages which it considered impermissibly punitive under the Federal Tort Claims Act (FTCA). See 28 U.S.C. § 2674. These damages included certain medical expenses, which were duplicative because the decedent was receiving free medical care at a Veterans' hospital, and damages for the loss of the enjoyment of life, which were not compensatory because the decedent was comatose from the time of the injury and could not consciously receive compensation. We affirmed in a decision reported at 911 F.2d 18 (1990). The Supreme Court reversed. See Molzof v. United States, 112 S.Ct. 711 (1992). The Court rejected our definition of punitive damages as damages in excess of those necessary to compensate, and defined punitive damages as damages awarded "upon ... proof that the defendant has engaged in intentional or egregious misconduct and [whose] purpose is [ ] to punish." Id. at 718. Thus, the Court held that "the damages Mrs. Molzof seeks to recover are not punitive damages under the common law or the FTCA" and are therefore recoverable under the FTCA. Id.
 
 
 2
 In addition, the Court remanded so that we could "evaluate the recoverability of those damages under Wisconsin law." The Court stated:
 
 
 3
 It may be that under Wisconsin law the damages sought in this case are not recoverable as compensatory damages. This might be true because Wisconsin law does not recognize such damages, or because it requires a setoff when a defendant already has paid (or agreed to pay) expenses incurred by the plaintiff, or for some other reason. These questions were not resolved by the lower courts.
 
 
 4
 Id. The district court sitting in Wisconsin is in a better position to answer these questions under Wisconsin law in the first instance than we are. Accordingly, we REVERSE and REMAND to the district court for consideration in light of the Supreme Court's opinion.